UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | )  | |
|---|---|---|
| TD BANKNORTH INSURANCE AGENCY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CRAIG H. MEEKER, SMITH BROTHERS INSURANCE, INC., AND DANIELLE BECHARD, | ) ) ) ) | DOCKET NO.: 3:07-cv-01615-AWT |
| Defendants. | ) ) | |

**CONSENT TEMPORARY RESTRAINING ORDER**

WHEREAS, this matter came before the Court on the Complaint and Motion for a Temporary Restraining Order filed by Plaintiff TD Banknorth Insurance Agency, Inc. ("TDBIA") against Defendants Craig H. Meeker, Smith Brothers Insurance, Inc., and Danielle Bechard, and

WHEREAS, by this action, TDBIA, seeks, among other things, to enjoin Defendants from violating the Connecticut Uniform Trade Secrets Act ("UTSA"), Conn. Gen. Stat. §§35-50, *et seq*., and Meeker from violating the confidentiality and non-solicitation provisions memorialized in a written Non-Solicitation and Confidentiality Agreement between Meeker and TDBIA; and

WHEREAS, Defendants deny TDBIA's allegations and, by agreeing to the entry of this Consent Temporary Restraining Order, are not admitting the facts and/or liability alleged in the Complaint and are not waiving any defenses and expressly reserve all rights in this action and expressly deny committing any wrongful conduct; and

WHEREAS, the parties intend by agreeing to this Consent Order to remain at a stand-still as of November 6, 2007; and

WHEREAS, Defendants and TDBIA have represented to the Court that they consent to the entry of this Consent Temporary Restraining Order against Defendants under the terms set forth below; and

WHEREAS, it is expressly understood by the parties that the servicing of any customer or account that has transferred its business from TDBIA to Defendant Smith Brothers Insurance, Inc., on or before November 6, 2007, is not a violation of this particular Order; provided, however, that the parties specifically retain any claims and defenses with respect to such customers and accounts; and

WHEREAS, based upon the agreement of the parties, this Court finds that good cause exists for entry of the Consent Temporary Restraining Order;

THEREFORE, the Court, upon agreement of the parties, hereby ORDERS AND DECREES as follows:

**GRANT OF CONSENT TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED THAT:

(a) To the extent Defendants are in possession, custody, or control of TDBIA's Confidential and Proprietary Information (as that term is defined in Defendant Meeker's Non-Solicitation and Confidentiality Agreement), Defendants are ORDERED to immediately turn over to TDBIA any such Confidential and Proprietary Information; to the extent Defendants have destroyed or deleted any such Confidential and Proprietary Information, Defendants are ORDERED to provide to TDBIA, in a form agreeable to TDBIA, an affidavit verifying the destruction or deletion of such Information and listing the Information so destroyed or deleted;

(b) Defendants are ENJOINED from using TDBIA's Confidential and Proprietary Information to contact, call upon, or solicit, or attempt to contact, call upon, or solicit, any of TDBIA's clients, customers, accounts, and prospects as of November 6, 2007;

(c) Defendants are ENJOINED from misappropriating, using and/or divulging TDBIA's Confidential and Proprietary Information;

(d) Defendants are ENJOINED from contacting, calling upon, or soliciting, or attempting to contact, call upon, or solicit, for the purpose of providing surety bond services, any of TDBIA's surety bond clients, customers, and accounts as of November 6, 2007;

(e) Defendants are ENJOINED from accepting any surety bond business or accepting the transfer of any surety bond business, through a Broker of Record Letter or otherwise, from any of TDBIA's clients, customers, or accounts after November 6, 2007;

(f) In the event any surety bond customer of TDBIA—which customer has not, as of November 6, 2007, transferred its business to Defendants—contacts Defendants, Defendants are ORDERED to (1) inform such customer that Defendants, and each or any of them, are prevented from accepting business from the customer due to a consent injunction, and (2) instruct the customer to contact TDBIA; in addition, Defendants are ENJOINED from disparaging TDBIA during any such communication;

(g) In the event Defendants have received, at any time after October 21, 2007, and during the effective period of this Temporary Restraining Order, any payments from any of TDBIA's customers or former customers with respect to any bonds that already have been issued, or for which application was made, prior to October 22, 2007, Defendants are ORDERED to (1) immediately provide a full accounting to TDBIA of any and all such payments received by Defendants from any of TDBIA's customers, including an accounting of the bond associated with such payment, and (2) immediately forward the payment received from the customer to TDBIA; and

(h) Defendant Meeker is ENJOINED from violating the Non-Solicitation and Confidentiality Agreement, including, but not limited to, the provisions prohibiting the solicitation of customers and use of Confidential and Proprietary Information.  Nothing in this paragraph is intended to modify or amend any of the specific provisions in the preceding paragraphs.

IT IS FURTHER ORDERED that this relief be issued without the requirement of the posting of a bond by TDBIA.

IT IS FURTHER ORDERED that this Temporary Restraining Order will remain in effect for a period of not greater than 30 days unless otherwise ordered by the Court or stipulated by the parties.

IT IS FURTHER ORDERED that Plaintiff shall cause a true and correct copy of this Order for Temporary Restraining Order on each Defendant or counsel for any Defendant by personal service or overnight courier.

It is so ordered.

Dated this 9th day of November, 2007 at Hartford, Connecticut.

                                                      Alvin W. Thompson
                                            United States District Judge