UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TD BANKNORTH INSURANCE AGENCY | : | CASE NO. 3:07-CV-01615 (AWT) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG H. MEEKER, SMITH BROTHERS INSURANCE, INC. AND DANIELLE BECHARD, | : : : | |
| | : | |
| Defendants. | : | JANUARY 4, 2008 |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants, Craig H. Meeker, Smith Brothers Insurance, Inc. and Danielle Bechard (the "Defendants"), by and through their undersigned counsel, respond to the allegations of the Complaint as follows:

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, respond to the allegations of the Complaint as follows:

1. Defendants have insufficient knowledge upon which to admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. Denied.

3. Denied.

4. Defendants have insufficient knowledge upon which to admit or deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. Denied.

6. Denied.

7 Defendants have insufficient knowledge upon which to admit or deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Admitted.

9. Admitted.

10. Admitted.

11. The Defendants leave the Plaintiff to its proof with respect to paragraph 11 of its Complaint.

12. Denied.

13. Denied.

14. Meeker admits that he began his employment with "TDBIA" on or about November 28, 2003, but Meeker denies the remainder of the allegations contained in paragraph 14.

15. Meeker admits that he was employed as an underwriter in the insurance business before undertaking employment with "TDBIA," but denies the remainder of the allegations stated in paragraph 15.

16. Meeker admits that as an employee of TDBIA he "sold and promoted the sale of surety bonds and related products and services." Meeker denies the remainder of the allegations contained in paragraph 16.

17. The Defendants deny that at the time of her termination on or about October 24, 2007 Bechard worked under Meeker's supervision as that allegation is made in paragraph 17 of the Plaintiff's Complaint. The Defendants claim insufficient knowledge with respect to what

AJN/31188/3/836029v1
01/04/08-HRT/

Ms. Bechard's specific job title was as of the date of her termination and further claim insufficient knowledge with respect to what the plaintiff's maintain Ms. Bechard's duties included.

18. The Defendants deny that Meeker was provided "confidential and proprietary information" as that allegation is made in paragraph 18. The Defendants deny the remainder of the allegations contained in paragraph 18.

19. The Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject agreement. Furthermore, the Agreement referred therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

20. The Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject agreement. Furthermore, the Agreement referred therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

21. The Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint as those allegations mischaracterize the language in the agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the agreement referred therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

AJN/31188/3/836029v1
01/04/08-HRT/

22. The Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

23. The Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

24. The Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

25. The Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

26. The Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is

AJN/31188/3/836029v1
01/04/08-HRT/

referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

27.  The Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

28.  The Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

29.  The Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

30.  The Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote

AJN/31188/3/836029v1
01/04/08-HRT/

from the subject Agreement. Furthermore, the Agreement referred therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

31.   The Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint as those allegations mischaracterize the language in the Agreement, which is referenced therein. This paragraph is further denied insofar as it attempts to selectively quote from the subject Agreement. Furthermore, the Agreement referred to therein, to the extent it is valid and enforceable, which the Defendants expressly deny, speaks for itself.

32.   Denied.

33.   The Defendant, Meeker, admits that he submitted a written notice of resignation to TDBIA. Meeker further states that after receiving his notice of resignation "TDBIA terminated Meeker's employment effective as of October 22, 2007." The remainder of the allegations stated in paragraph 33 are expressly denied.

34.   The Defendants deny the allegations contained in paragraph 34 and each of its subparts.

35.   The Defendants have insufficient knowledge upon which to either admit or deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.   Denied.

37.   Denied.

38.   Denied.

39.   The Defendants have insufficient knowledge upon which to admit or deny TDBIA's relationship to TD Banknorth Inc. The Defendants deny the remainder of the allegations contained in paragraph 39.

6

40. Denied.

41. Denied.

42. Denied.

43. Paragraph 43 and each of its subparts are denied.

**COUNT I:   BREACH OF AGREEMENT - MEEKER**

44. The Defendants hereby incorporate by reference their responses to paragraphs 1-43 as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

**COUNT II:   VIOLATIONS OF THE CONNECTICUT UNIFORM TRADE SECRETS ACT – MEEKER, BECHARD, AND SMITH BROS.**

48. The Defendants hereby incorporate by reference their responses to paragraphs 1-48 as if fully set forth herein.

49. Denied.

50. Denied.

51. The Defendants admit that "Meeker and Bechard presently are employed by Smith Brothers", but they specifically deny the remainder of the allegations of the Plaintiff's Complaint as alleged in paragraph 51.

52. Denied.

53. Denied.

54. Denied.

## COUNT III:   CONVERSION – MEEKER, BECHARD, AND SMITH BROS.

55. The Defendants hereby incorporate by reference their responses to paragraphs 1-55

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT IV:   BREACH OF COMMON LAW AND STATUTORY FIDUCIARY DUTIES – MEEKER

60. The Defendants hereby incorporate by reference their responses to paragraphs 1-60 as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT V:   UNJUST ENRICHMENT – MEEKER, BECHARD, AND SMITH BROS.

66. The Defendants hereby incorporate by reference their responses to paragraphs 1-66 of the Plaintiff's Complaint as if fully set forth herein.

67. Denied.

68. Denied.

## COUNT VI: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUINESS RELATIONSHIPS - MEEKER, BECHARD, AND SMITH BROS.

69. The Defendants hereby incorporate by reference their responses to paragraphs 1-69 of the Plaintiff's Complaint as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## COUNT VII: VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT - MEEKER, BECHARD, AND SMITH BROS.

76. The Defendants hereby incorporate by reference their responses to paragraphs 1-76 of the Plaintiff's Complaint as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT VIII: VIOLATION OF CONN. GEN. STAT. § 53a-251 -

82. The Defendants hereby incorporate by reference their responses to paragraphs 1-82 of the Plaintiff's Complaint as if fully set forth herein.

AJN/31188/3/836029v1
01/04/08-HRT/

83. The Defendants have insufficient knowledge upon which to either admit or deny the allegations contained in paragraph 83.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT IX:  VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030 - MEEKER

92. The Defendants hereby incorporate by reference their responses to paragraphs 1-92 of the Plaintiff's Complaint as if fully set forth herein.

93. The Defendants have insufficient knowledge upon which to either admit or deny the allegations contained in paragraph 93.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

10

## FIRST AFFIRMATIVE DEFENSE AS TO ALL COUNTS

1. The Plaintiff, in each of its counts, has failed to allege a legally sufficient cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

1. The Plaintiff's claim for injunctive relief is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

1. The Plaintiff's claim for injunctive relief is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

1. The Plaintiff's claim for injunctive relief is barred by the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE AS TO COUNT I

1. The Plaintiff's claims as alleged in Count One of the Complaint are barred due to a failure to consideration.

### THIRD AFFIRMATIVE DEFENSE AS TO COUNT I

1. The Plaintiff's claims as alleged in Count One of its Complaint are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE AS TO COUNT I

1. The Plaintiff's claims as alleged in Count I of its Complaint are barred by the doctrine of duress.

## FIFTH AFFIRMATIVE DEFENSE AS TO COUNT I

1.      Plaintiff's claims as alleged in Count I of its Complaint are barred by the doctrine of estoppel.

## COUNTERLCLAIMS OF CRAIG MEEKER

## COUNT I. - VIOLATION OF CONN. GEN. STAT. § 31-72

1.      Defendant, and Plaintiff-in-Counterclaim, Craig Meeker, was employed by TD Banknorth Insurance Agency ("TDBIA") until on or about October 22, 2007. Meeker was terminated by TDBIA on October 22, 2007.

2.      Meeker had an employment agreement with TDBIA which entitled him to the payment of commissions for bonds that he sold on behalf of TDBIA.

3.      During the course of his employment with TDBIA, but prior to his termination, Meeker earned certain commissions for the sale of bonds.

4.      Meeker has performed his obligations under his employment agreement which performance entitles him to receive those commissions he earned while an employee of TDBIA.

5.      TDBIA has acknowledged Meeker is entitled to the commissions he earned based on bonds he sold prior to the date of his termination.

6.      TDBIA has failed to pay Meeker certain commissions which he earned while he was an employee of TDBIA.

7.      TDBIA's failure to pay Meeker commissions earned constitutes a violation of Conn. Gen. Stat. § 31-72, *et. seq.* which violation entitles Meeker to double damages and attorneys fees.

8.      As a result of the foregoing, Meeker has been damaged in an amount to be proven at trial which amount will include compensatory damages, double damages and attorneys fees.

## COUNT II - VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-6.    Meeker hereby incorporates by reference and repeats the allegations set forth in paragraphs 1 through 6 as if fully set forth herein.

7.      The conduct of TDBIA in terminating Mr. Meeker and in failing to pay him commissions which he earned constitutes unfair and deceptive methods of competition in the conduct of its trade or business in violation of the Connecticut Unfair Trade Practices Act as found at Conn. Gen. Stat. § 42-110b(a) *et. seq.*

8.      TDBIA's failure to pay Meeker commissions which are due and owing constitutes a violation of the public policy of the State of Connecticut.

9.      TDBIA's failure to pay Meeker his commissions also constitutes immoral, unethical, oppressive and unscrupulous conduct which has caused substantial injury to Meeker.

10.     As a result of the foregoing, TDBIA has committed violations of the Connecticut Unfair Trade Practices Act which violations entitle Meeker to compensatory damages, punitive damages and attorneys fees as allowed for pursuant to Conn. Gen. Stat. § 42-110g.

AJN/31188/3/836029v1
01/04/08-HRT/

## COUNT III - BREACH OF CONTRACT

1-6.    Defendant, and Plaintiff-In-Counterclaim, Craig Meeker hereby incorporates by reference and repeats the allegations set forth in paragraphs 1 through 6 as if fully set forth herein.

7.    TDBIA's failure to pay Meeker commissions constitutes a breach of its agreement with Meeker.

8.    As a result of the foregoing, Meeker has been damaged in an amount to be proven at trial which amount will include compensatory damages.

## COUNT IV - VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

1-6.    Defendant, and Plaintiff-In-Counterclaim, Craig Meeker hereby incorporates by reference and repeats the allegations set forth in paragraphs 1 through 6 of his counterclaim as if fully set forth herein.

7.    TDBIA's failure to pay Meeker commissions earned while he was an employee of TDBIA constitutes a violation of the covenant of good faith and fair dealing which is implied in all contracts, including employment agreements.

8.    As a result of the foregoing breach, Meeker has been damaged in an amount to be proven at trial which amount will include compensatory damages.

## COUNT V - UNJUST ENRICHMENT

1.    Meeker was employed by TDBIA until on or about October 22, 2007. Meeker was terminated by TDBIA on that date.

2. Meeker was the procuring cause of numerous bond sales prior to the time TDBIA terminated his employment. TDBIA derived revenue from those bond sales procured by Meeker for TDBIA prior to his termination.

3. TDBIA has refused to pay Meeker commissions he earned prior to the date of his termination from TDBIA.

4. As a result of TDBIA not paying Meeker commissions earned, TDBIA has been unjustly enriched.

5. As a result of the foregoing, Meeker has been damaged in an amount to be proven at trial which amount will include compensatory damages.

WHEREFORE, Meeker respectfully requests that the Court order the following relief:

1. Award Meeker all damages including compensatory, punitive and statutory damages, including but not limited to his attorneys fees, punitive damages as allowable under the Connecticut Unfair Trade Practices Act and double damages as provided for by Conn. Gen. Stat. § 31-72;

2. Such other relief as the court deems just, fair and equitable.

DEFENDANTS: CRAIG H. MEEKER, SMITH
BROTHERS INSURANCE, INC.
AND DANIELLE BECHARD

By _____
Anthony J. Natale
Federal Bar No. ct08451
Pepe & Hazard LLP
225 Asylum Street
Hartford, CT  06103-4302
Tel. 860-522-5175
Fax 860-522-2796
anatale@pepehazard.com

## CERTIFICATION

I hereby certify that on January 4, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**COUNSEL FOR PLAINTIFF:**
Robert J. Gallo (CT 19982)
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700

Eric J. Uhl, Esq.
Louis B. Butterfield, Esq.
Moss Shapiro
400 Congress Street, P.O. Box 7250
Portland, ME  04112-7250
TEL: (207) 774-6001
FAX: (207) 774-6407

_____
Anthony J. Natale