UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TD BANKNORTH INSURANCE AGENCY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRAIG H. MEEKER, SMITH BROTHERS INSURANCE, INC., AND DANIELLE BECHARD, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 3:07-CV-01615 (AWT)

**REPLY AND AFFIRMATIVE DEFENSES OF TD BANKNORTH INSURANCE AGENCY TO COUNTERCLAIMS OF DEFENDANT CRAIG H. MEEKER**

The plaintiff, TD Banknorth Insurance Agency ("TDBIA"), answers and responds to the counterclaims of defendant, Craig H. Meeker ("Meeker"), as follows:

<u>COUNT I – VIOLATION OF CONN. GEN. STAT. § 31-72</u>

1. TDBIA admits the allegations set forth in the first sentence of paragraph 1 of Meeker's counterclaim. With respect to the allegations set forth in the second sentence, TDBIA admits that Meeker provided a two-week notice of resignation on or about October 22, 2007, and that TDBIA elected to treat the resignation as effective as of October 22, 2007. TDBIA denies the allegations set forth in paragraph 1 of Meeker's counterclaim to the extent that they are inconsistent with the foregoing admissions or not contained therein.

2. TDBIA admits that Meeker entered into an enforceable Non-Solicitation and Confidentiality Agreement with TDBIA (the "Agreement"). TDBIA denies that Meeker had an agreement with TDBIA to be paid commissions for the sale of bonds in any manner inconsistent with the manner in which TDBIA in fact paid Meeker. TDBIA affirmatively states that the Agreement speaks for itself; and, therefore, TDBIA denies the allegations set forth in paragraph

2 of Meeker's counterclaim to the extent that they are inconsistent with the Agreement or not contained therein.

3. TDBIA admits the allegations set forth in paragraph 3 of Meeker's counterclaim, but TDBIA denies the implication that TDBIA failed to pay Meeker commissions that he earned or to which he was entitled pursuant to his compensation arrangement during the course of his employment with TDBIA.

4. TDBIA denies the allegations set forth in paragraph 4 of Meeker's counterclaim.

5. TDBIA admits that TDBIA acknowledged Meeker's entitlement to certain commissions that were earned and accrued prior to the date of his separation from employment. TDBIA denies the allegations set forth in paragraph 5 of Meeker's counterclaim to the extent that they are inconsistent with or not contained in the foregoing admission; and, by way of further answer, TDBIA denies the implication that it failed to pay Meeker commissions to which he is entitled by virtue of his employment with TDBIA.

6. TDBIA denies the allegations set forth in paragraph 6 of Meeker's counterclaim.

7. TDBIA denies the allegations set forth in paragraph 7 of Meeker's counterclaim.

8. TDBIA denies the allegations set forth in paragraph 8 of Meeker's counterclaim.

## COUNT II – VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-6. TDBIA restates and incorporates its answers to paragraphs 1 through 6 of Meeker's counterclaim as though set forth here in full.

7. TDBIA denies the allegations set forth in paragraph 7 of Meeker's counterclaim.

8. TDBIA denies the allegations set forth in paragraph 8 of Meeker's counterclaim.

9. TDBIA denies the allegations set forth in paragraph 9 of Meeker's counterclaim.

    10.    TDBIA denies the allegations set forth in paragraph 10 of Meeker's counterclaim.

## COUNT III – BREACH OF CONTRACT

    1-6.    TDBIA restates and incorporates its answers to paragraphs 1 through 6 of Meeker's counterclaim as though set forth here in full.

    7.    TDBIA denies the allegations set forth in paragraph 7 of Meeker's counterclaim.

    8.    TDBIA denies the allegations set forth in paragraph 8 of Meeker's counterclaim.

## COUNT IV – VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

    1-6.    TDBIA restates and incorporates its answers to paragraphs 1 through 6 of Meeker's counterclaim as though set forth here in full.

    7.    TDBIA denies the allegations set forth in paragraph 7 of Meeker's counterclaim.

    8.    TDBIA denies the allegations set forth in paragraph 8 of Meeker's counterclaim.

## COUNT V – UNJUST ENRICHMENT

    1.    TDBIA admits the allegations set forth in the first sentence of paragraph 1 of Meeker's counterclaim.  With respect to the allegations set forth in the second sentence, TDBIA admits that Meeker provided a two-week notice of resignation on or about October 22, 2007, and that TDBIA elected to treat the resignation as effective as of October 22, 2007.  TDBIA denies the allegations set forth in paragraph 1 of Meeker's counterclaim to the extent that they are inconsistent with the foregoing admissions or not contained therein.

    2.    TDBIA admits that it derived revenue from the sale of certain bonds sold by Meeker.  TDBIA denies that it terminated Meeker's employment, and TDBIA denies the remaining allegations set forth in paragraph 2 of Meeker's counterclaim.

    3.    TDBIA denies the allegations set forth in paragraph 3 of Meeker's counterclaim.

4. TDBIA denies the allegations set forth in paragraph 4 of Meeker's counterclaim.

5. TDBIA denies the allegations set forth in paragraph 5 of Meeker's counterclaim.

## AFFIRMATIVE DEFENSES

1. Meeker's counterclaims fail to state a legally sufficient claim upon which relief can be granted.

2. Meeker's claim for breach of contract under Count III of his counterclaim is barred and/or subject to reduction by offset due to Meeker's material breach of contract.

3. Meeker's claim for violation of an alleged covenant of good faith and fair dealing under Count IV of his counterclaim is barred and/or subject to reduction by offset due to Meeker's material breach of contract.

4. Meeker's statutory claims under Counts I and II of his counterclaim are barred by Meeker's failure to satisfy the statutory prerequisites to recovery and/or his failure to satisfy all other conditions precedent to recovery under or enforcement of the alleged rights on which he bases the claims.

5. Meeker's claims are barred in their entirety by the doctrine of unclean hands.

6. Meeker's claims are barred in their entirety by the doctrine of estoppel.

7. Meeker's claims are barred in their entirety by the doctrine of laches.

8. Meeker's claims are barred in their entirety by the doctrine of waiver.

9. Meeker's claims are barred in their entirety by accord and satisfaction.

10. Meeker's claims are barred by the doctrine of the faithless servant and due to his breach of his duty of good faith, loyalty, and fair dealing owed to TDBIA.

WHEREFORE, TDBIA respectfully requests that the Court dismiss Meeker's counterclaims, or, in the alternative, grant judgment in favor of TDBIA and against Meeker on Meeker's counterclaims, and grant such other relief as the Court deems just and reasonable, including costs and attorney's fees.

Dated:  January 16, 2008                             /s/ Louis B. Butterfield
Eric J. Uhl, (PHV 1055)
Louis B. Butterfield, (PHV 01944)
MOSS SHAPIRO
400 Congress, P.O. Box 7250
Portland, ME 04112-7250
207-774-6001
euhl@moss-shapiro.com
lbutterfield@moss-shapiro.com


                        /s/ Robert J. Gallo
Robert J. Gallo (CT 19982)
McCARTER & ENGLISH, LLP
CityPlace I, 185 Asylum Street
Hartford, CT  06103
860-275-6700
RGallo@McCarter.com

Attorneys for Plaintiff
TD Banknorth Insurance Agency, Inc.

5

**CERTIFICATE OF SERVICE**

  I, Louis B. Butterfield, attorney for Plaintiff hereby certify that I electronically filed with the Clerk of Court Defendant's Answer and Affirmative Defenses of TD Banknorth Insurance Agency to Counterclaims of Craig H. Meeker, using the CM/ECF system which will send notification of such filing to all registered parties.

| | |
|---|---|
| Date:  January 16, 2008 | /s/  Louis B. Butterfield |
| | Louis B. Butterfield, Esq. |
| | MOSS SHAPIRO |
| | 400 Congress Street, P.O. Box 7250 |
| | Portland, ME  04112-7250 |
| | (207) 775-6001 |
| | lbutterfield@moss-shapiro.com |
| | |
| | Attorneys for Defendant |
| | TD Banknorth Insurance Agency, Inc. |