## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TD BANKNORTH INSURANCE AGENCY, INC., | ) ) ) | CIVIL NO. 3:07-CV-01615-AWT |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CRAIG H. MEEKER, SMITH BROTHERS INSURANCE, INC., AND DANIELLE BECHARD, | ) ) ) ) | |
| Defendants. | ) ) | February 1, 2008 |

### REPORT OF THE PARTIES' PLANNING MEETING

Date Complaint Filed: November 2, 2007 (Doc. No. 1).

Date Complaint Served: November 5, 2007 with proof of service filed December 10, 2007 (Doc. No. 14).

Date of Defendants' Appearance: December 13, 2007 (Doc. No. 15) with Answer and Counterclaim filed January 4, 2008 (Doc. No. 21).

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), a conference was held among the following participants.

For the plaintiff, TD Banknorth Insurance Agency, Inc. ("TDBIA" or the "Company"):

Eric J. Uhl
Louis R. Butterfield
Moss, Shapiro, Uhl, Caterine & Butterfield, P.A.
Ten Free Street
Portland, ME 04112
(207) 774-6001
(207) 775-6407
euhl@moss-shapiro.com
lbutterfield@moss-shapiro.com

For the defendants, Craig H. Meeker ("Meeker"), Smith Brothers Insurance, Inc. ("Smith Bros."), and Danielle Bechard ("Bechard") (collectively "Defendants"):

Anthony J. Natale
Pepe & Hazard LLP
225 Asylum Street
Hartford, CT 06103
TEL:   (860) 241-2683
anatale@pepehazard.com

**I.** **Certification**.  Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.** **Jurisdiction**.

   A.   Subject Matter Jurisdiction.  The United States District Court for the District of Connecticut has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between TDBIA and the Defendants.

   B.   Personal Jurisdiction.  Personal jurisdiction is not contested.

**III.** **Brief Description of Case.**

   A.   Claims of Plaintiff:   TDBIA commenced these proceedings against two former employees, Meeker and Bechard, and against their current employer, Smith Bros., seeking to recover damages and equitable relief against Defendants for their breaches of contract, for their violations of state and federal law, and for their tortious conduct.  The various claims arise from events that occurred just prior to and following the resignations of Meeker and Bechard from their positions of employment with TDBIA.  More specifically, TDBIA alleges that Meeker solicited and recruited employees of TDBIA (including Bechard) to leave TDBIA and to join him at Smith Bros.  TDBIA alleges that Meeker and Bechard together misappropriated TDBIA's confidential information and trade

2

secrets and wrongfully used that information to solicit customers and clients away from TDBIA. Meeker and Bechard engaged in unlawful conduct for their own benefit and as agents acting on behalf of and for the benefit of their current employer, Smith Bros.  Smith Bros. accepted and retained those benefits with full knowledge that they derive from the misconduct of Meeker and Bechard, including their violations of applicable Connecticut law and Meeker's breaches of the Agreement.  Meeker, Bechard, and Smith Bros. have wrongfully caused and continue to cause harm to the proprietary interests of TDBIA.  As to Meeker's counterclaim, TDBIA denies that it has withheld any wages due and owing to Meeker.

      B.      <u>Defenses and Claims of Defendant/Counterclaimant</u>:

Defendants deny the material allegations of the complaint.  Moreover, Defendants deny that they violated any duties which TDBIA claims were owed.  More particularly, Meeker specifically denies the enforceability of the non-compete which the TDBIA brings suit on.  That agreement is not enforceable because, *inter alia*, there was no consideration to support its formation and it was signed under duress.  More particularly, TDBIA refused to pay Meeker commissions he earned unless and until he signed the non-compete agreement.  Meeker also denies misappropriating any information which is considered confidential under the Uniform Trade Secrets Act and further denies that the information alleged by TDBIA as confidential is entitled to protection under the Connecticut Uniform Trade Secrets Act.  The Defendants further deny all other allegations of TDBIA's complaint.

Meeker has filed a counterclaim on the basis that TDBIA, which terminated his employment, has failed to pay him commission which were due and owing.  That failure, Meeker maintains, constitutes a violation of Conn. Gen. Stat. § 31-72 *et. seq.*, the Connecticut Unfair Trade Practices Act, a breach of contract, a violation of the covenant of good faith and fair dealing and unjust enrichment. Meeker seeks exemplary damages, compensatory damages and attorneys fees.

**IV.     Statement of Undisputed Facts.**     Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. TDBIA is an insurance agency organized under the laws of the State of Maine, with a principal place of business in South Portland, Maine.

2. Meeker is an individual who resides in Farmington, Connecticut.

3. Bechard is an individual who resides in Bristol, Connecticut.

4. Smith Bros. is an insurance agency organized under the laws of the State of Connecticut, with a principal place of business in Glastonbury, Connecticut.

**V.     Case Management Plan.**

A. **Initial Disclosures.** The parties request modification of the Initial Disclosures set forth in Fed. R. Civ. P. 26(a) as follows:

1. Initial disclosures shall be provided by the parties on or before February 22, 2008.

B. **Standing Order On Scheduling Civil Cases.** The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. Discovery will commence no later than February 29, 2008, and will be completed by January 31, 2009.

2. Motions for Summary Judgment will be filed by March 15, 2009.

C. **Scheduling Conference With the Court.** The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

D. **Early Settlement Conference.**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time but may be enhanced by use of the following procedure:

2. TDBIA does not request an early settlement conference, but Defendants do.

4

   3. The parties prefer a settlement conference with a magistrate judge at an appropriate time upon mutual agreement.

   4. The parties do not currently request a referral to alternative dispute resolution.  The parties may request referral A.D.R. once certain discovery is completed.

   E. <u>Joinder of Parties and Amendment of Pleadings</u>.

   1. The parties will amend the pleadings and join additional parties on or before May 1, 2008.

   F. <u>Discovery</u>.

   1. The parties anticipate that all permissible forms of discovery will be needed on all principal issues of fact, including, but not limited to, the contractual relationships between or among the parties, and the conduct by Defendants leading up to and following Meeker and Bechard's separation from employment with TDBIA.  This discovery will necessarily include document production by and depositions of the many clients who terminated their business relationship with TDBIA to undertake business relationships with Smith Bros. through the alleged misconduct of Meeker and Bechard.  Discovery will be needed not only on the means and activities by which Defendants took TDBIA's customers -- which amounted to all or nearly all of TDBIA's bond business in Connecticut -- but also on the relationships among Defendants, Smith Bros.'s business operations, and the damages caused by or attributable to each of the Defendants as a result of their alleged wrongful conduct insofar as necessary to determine the damages sustained by TDBIA.  Similarly, the Defendants will seek discovery concerning, *inter alia*, the Plaintiff's termination of Meeker and the Plaintiff's failure to pay Meeker commissions he has earned.  The Defendants will also seek discovery relating to how the Plaintiff has treated other departing producers.  The Defendants will also seek discovery concerning the Plaintiff's claims and the Plaintiff's claims for damages.

   2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced February 29, 2008, and completed by January 31, 2009.

3. Discovery will not be conducted in phases.

4. TDBIA anticipates that it will require a total of sixty depositions of fact witnesses and that the defendant will require a total of fifteen depositions of fact witnesses. The depositions will commence on or before March 15, 2008 and be completed no later than January 31, 2009.

5. The parties will not request permission to serve more than twenty-five (25) interrogatories.

6. TDBIA intends to call expert witnesses at trial. TDBIA will designate all experts and provide opposing counsel with reports from retained experts pursuant to F.R. Civ. P. 26(a)(2) by July 15, 2008. Depositions and any such experts will be completed by January 31, 2009.

7. Defendants may also call expert witnesses at trial insofar as necessary to rebut the testimony of any experts designated and/or called as witnesses by TDBIA. Defendants will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 15, 2008. Depositions of such experts will be completed by January 31, 2009.

8. A damage analysis will be provided by any party who has a claim or counterclaim for damages by July 15, 2008.

9. Disclosure or discovery of electronically stored information should be handled as follows:

   a. Where available, electronically stored information that is, or is reasonably believed to contain information that is, responsive to duly served discovery requests(s), the responding party will identify: the location of the stored information; the technological form of the stored information; and the custodian or individual responsible for the maintenance of the stored information.

   b. In addition to the identifying information set forth immediately above, electronically stored information that is or is reasonably believed to contain information that is responsive to duly served discovery requests(s), shall be timely produced in paper format or in

electronic format by mutual consent or leave of the court.10. The parties have agreed to an order regarding claims of privilege or protection as trial-preparation material asserted after production as follows:  as soon as practicable after a claim of privilege or protection as trial-preparation material arises or is identified after production, the party claiming such privilege shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any, the basis for such claim of privilege or protection, and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.  If the parties agree as to the privilege or protection, the non-disclosing party shall immediately return all copies (electronic and paper) to the producing party or otherwise agree and certify as to its destruction.  If the parties do not agree as to the claim of privilege, the claimed documents shall be segregated from all other materials and within thirty (30) days of the communicated claim of privilege, shall be filed under seal with a motion for in camera review.  The failure to so move within the agreed time shall constitute agreement to the claim of privilege or protection.

  G. <u>Dispositive Motions</u>.  Dispositive motions, if any, will be filed on or before March 15, 2009.

  H. <u>Joint Trial Memorandum</u>. The Joint Trial Memorandum required by the Standing Order On Trial Memoranda in Civil Cases will be filed by May 1, 2009 or 45 days from the date of the ruling on any motion for summary judgment or other dispositive motion, whichever is later.

**VI.** **<u>Trial Readiness</u>**. The case will be ready for trial within 30 days of the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

        THE PLAINTIFF,

        By:    /s/ Louis B. Butterfield_____
           Eric J. Uhl (PVH01055)
           Louis B. Butterfield (PHV01944)
           MOSS SHAPIRO
           400 Congress, P.O. Box 7250
           Portland, ME 04112-7250
           (207) 774-6001
           euhl@moss-shapiro.com
           lbutterfield@moss-shapiro.com

           Robert Gallo, Esq.
           McCarter & English, LLP
           City Place I, 185 Asylum Street
           Hartford, CT 06103
           (860) 275-6722
           RGallo@McCarter.com

           Attorneys for Plaintiff
           TD Banknorth Insurance Agency, Inc.

        THE DEFENDANT,

        By: /s/ Anthony J. Natale_____
           Anthony J. Natale
           PEPE & HAZARD LLP
           225 Asylum Street
           Hartford, CT 06103
           (860) 241-2683
           anatale@pepehazard.com

           Attorneys for Defendants Craig Meeker, Smith
           Brothers Insurance, Inc., and Danielle Bechard

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TD BANKNORTH INSURANCE AGENCY, INC., | ) ) ) | CIVIL NO. 3:07-CV-01615-AWT |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CRAIG H. MEEKER, SMITH BROTHERS INSURANCE, INC., AND DANIELLE BECHARD, | ) ) ) ) | |
| Defendants. | ) ) | February 1, 2008 |

I hereby certify that on February 1, 2008, a copy of the foregoing Rule 26(f) Report of Parties Planning Meeting was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                          Louis B. Butterfield (PHV01944)
                          MOSS SHAPIRO
                          400 Congress Street, P.O. Box 7250
                          Portland, ME  04112-7250
                          TEL:   (207) 774-6001
                          FAX:  (207) 775-6407
                          Email: lbutterfield@moss-shapiro.com